EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Evelyn Viruet Candelaria<br>Maritza Viruet Candelaria<br>Delia Candelaria Rivera<br><br>Recurridas<br><br>V.<br><br>City of Angels, Inc.;<br>Ángel Casiano Torres, su Esposa<br>Michelle Reyes Peña y la Sociedad<br>Legal de Gananciales Compuesta<br>por Ambos; X Corporation y John<br>Doe<br><br>Universal Insurance Company<br><br>Peticionaria | Certiorari<br><br>2015 TSPR 160<br><br>194 DPR ____ |

Número del Caso: CC-2014-163


Fecha: 4 de diciembre de 2015


Tribunal de Apelaciones:

Región Judicial de Bayamón, panel VI


Abogado del Peticionario:

Lcdo. Roberto del Toro Morales


Abogado de la Parte Recurrida:

Lcdo. Samuel Padua Flores


Materia: Seguros – Alcance de cláusula de exclusión de servicios profesionales en póliza de responsabilidad general comercial; regulación de establecimientos para el cuidado de personas de edad avanzada.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| EVELYN VIRUET CANDELARIA<br>MARITZA VIRUET CANDELARIA<br>DELIA CANDELARIA RIVERA<br><br>Recurridas<br><br>v.<br><br>CITY OF ANGELS, INC.;<br>ÁNGEL CASIANO TORRES, SU<br>ESPOSA MICHELLE REYES PEÑA<br>Y LA SOCIEDAD LEGAL DE<br>GANANCIALES COMPUESTA POR<br>AMBOS; X CORPORATION Y JOHN<br>DOE<br><br>**UNIVERSAL INSURANCE COMPANY**<br><br>Peticionaria | **Núm.** CC-2014-0163<br><br><br>*Certiorari* |

Opinión del Tribunal emitida por el Juez Asociado SEÑOR FELIBERTI CINTRÓN

En San Juan, Puerto Rico, a 4 de diciembre de 2015.

Universal Insurance Company (Universal o la aseguradora), recurre ante este Foro para cuestionar la denegatoria de una moción de sentencia sumaria parcial por el Tribunal de Primera Instancia, determinación que el Tribunal de Apelaciones declinó examinar. En su moción, Universal planteó la falta de cubierta para los hechos aducidos en una Demanda instada en contra de su asegurado, en virtud de las exclusiones por prestación de servicios profesionales y de salud consignadas en una póliza de Responsabilidad General Comercial ("Commercial General Liability") expedida a favor del Sr. Ángel J. Casiano

Torres (señor Casiano) h/n/c City of Angels, Inc. (City of Angels o el Centro).

Este recurso nos brinda la oportunidad de expresarnos sobre el alcance de una cláusula de exclusión de servicios profesionales incluida en una póliza de Responsabilidad General Comercial. Por los fundamentos que elaboramos a continuación, revocamos la determinación del Tribunal de Apelaciones ya que procede aplicar a los hechos la cláusula de exclusión antes aludida.

## I

### Trasfondo Procesal

La Sra. Evelyn Viruet Candelaria contrató con el señor Casiano en agosto de 2010 para la atención de su madre, la Sra. Delia Candelaria Rivera (señora Candelaria), en una institución dedicada al cuido de personas de edad avanzada que operaba bajo el nombre de City of Angels. Conforme lo acordado, se le proveería a la señora Candelaria el cuido, aseo, alimentación, tratamiento médico y todo lo necesario para el bienestar de una persona en su estado de salud. La señora Candelaria, quien para entonces contaba con 75 años, estaba incapacitada y padecía de Alzheimer. Debido a su condición, no podía moverse por sí misma y tenía que estar físicamente restringida de forma constante y permanente.

En abril de 2012, como consecuencia de haber ingerido unos pedazos de plástico, la señora Candelaria sufrió una obstrucción intestinal que le provocó una grave

intoxicación, deshidratación e infección intestinal, por lo que tuvo que ser hospitalizada. A raíz de los anteriores eventos, las recurridas[1] presentaron una Demanda sobre Daños y Perjuicios en contra de City of Angels, el señor Casiano, su esposa, la Sociedad Legal de Gananciales compuesta por ambos y Universal. Las recurridas adujeron que el señor Casiano y su empresa fueron negligentes al no brindar los servicios de cuidado adecuados y no estar pendientes en todo momento del bienestar de la señora Candelaria, según acordado, lo que le permitió su acceso al plástico ingerido, a pesar de no poder moverse por sí sola.

Oportunamente, Universal presentó una *Moción solicitando se dicte sentencia sumaria parcial* en la que argumentó que la conducta que dio base a la Demanda estaba comprendida entre las exclusiones de la póliza, ya que surgió como resultado de la prestación de servicios profesionales y/o de salud. Las recurridas se opusieron alegando que su reclamación no se fundamenta en negligencia en el tratamiento médico, sino negligencia al no velar por la seguridad de la señora Candelaria.

Luego de evaluar las posiciones de ambas partes, el Tribunal de Primera Instancia declaró *No Ha Lugar* la solicitud de Universal. Indicó que la exclusión de cubierta era inaplicable al caso, pues los daños

---

[1] La Sra. Delia Candelaria Rivera y sus dos hijas, Evelyn y Maritza Viruet Candelaria.

reclamados no eran consecuencia de la prestación o el haber dejado de prestar servicios médicos o profesionales como argumentaba Universal. Concluyó que la Demanda está sustentada más bien en negligencia por la falta de cuidados a la señora Candelaria.

El Tribunal de Apelaciones declinó examinar la determinación del Tribunal de Primera Instancia cónsono con la discreción que ostenta en virtud de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (2010). Universal acudió, entonces, ante este Foro y oportunamente acordamos expedir el recurso de *certiorari* que nos ocupa.[2] Contando con la posición de las partes, procedemos a resolver la cuestión planteada. Es decir, si conforme a las exclusiones contenidas en la póliza expedida por Universal, existe cubierta para los eventos consignados en la Demanda.

## II

### Póliza de Seguro

La póliza en cuestión es una de Responsabilidad General Comercial y se expidió bajo la clasificación de facilidades de cuidado de salud —hogar para personas de edad avanzada— ("Health Care Facilities – Homes for the Aged"). Ésta provee cubierta para aquellas reclamaciones que el asegurado viene obligado legalmente a responder por daños físicos y a la propiedad, causados a un tercero, debido a una ocurrencia ("occurrence") que tenga lugar en

---

[2] Véase, Resolución emitida el 27 de junio de 2014.

los predios asegurados. Forma **CG0001 (12-07),** Sec. I(1)(a) y (b), Ap. 94. "Occurrence" se define en la póliza como un accidente. <u>Íd.</u>, Sec. V(13), Ap. 107. Se exceptúan de la cubierta todo tipo de servicios profesionales, incluyendo los servicios prestados por proveedores del cuidado de la salud.

Así pues, en la Declaración de Renovación se señalan como exceptuados los servicios profesionales designados y **cualquier servicio profesional de todo tipo o naturaleza.**[3] Aunque la póliza contiene una exclusión particular para los servicios profesionales designados, no se incluyó una descripción en la parte del formulario provista para ello. Simplemente se indica que el seguro no cubre daños ocasionados por la prestación o por dejar de prestar **cualquier servicio profesional.** Forma **CG2116 (07-98).**[4]

De otra parte, en la Declaración de Renovación, haciendo referencia a la Forma **CG2244 (10-93),** se indica que se excluyen de la cubierta los servicios suministrados por proveedores de cuidado de salud (hogar para personas

---

**3**   La póliza dispone lo siguiente:

   EXCLUSION – DESIGNATED PROFESSIONAL SERVICES.   ANY PROFESSIONAL SERVICES OF ANY KIND OR NATURE.   Forma **CG2116 (11-85),** Ap. 83.

**4**   Sobre este particular, la póliza provee lo siguiente:

            EXCLUSION – DESIGNATED PROFESSIONAL SERVICES

   This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" due to the rendering or failure to render **any professional service.**   (Énfasis nuestro).   Forma **CG2116 (07-98),** Ap. 110.

de edad avanzada).[5]  En la misma se completa el endoso

específico de exclusión de los servicios prestados por

proveedores de salud, donde se detallan en concreto

aquellas actividades que quedan fuera de cubierta.  El

endoso se limita a las siguientes tareas:

1.   Prestar o dejar de prestar:

    a. Servicios médicos, quirúrgicos, dentales,
       radiográficos o de enfermería, tratamiento,
       consejo o instrucción o relacionados a
       proveer comidas o bebidas.

    b. Cualquier servicio terapéutico, tratamiento,
       consejo o instrucción.

    c. Cualquier servicio, tratamiento, consejo o
       instrucción con el propósito de mejorar la
       apariencia o la piel, remoción de cabello o
       remplazo o cuidado personal.

2.   Proveer o administrar drogas o productos o
     instrumentos médicos, dentales o
     quirúrgicos.

3.   Manejar o tratar cadáveres, incluyendo
     autopsias, donación de órganos u otros
     procedimientos.[6]

---

[5]    A esos efectos, la Forma **CG2244 (10-93)** dispone como sigue:
       EXCLUSION – SERVICES FURNISHED BY HEALTH CARE PROVIDERS.   HOME
       FOR THE AGED.  (Ap. 84).

[6]    La exclusión se define de la siguiente manera:

       **EXCLUSION – SERVICES FURNISHED BY HEALTH CARE PROVIDERS**

       With respect to any operation shown in the Schedule, this
       Insurance does not apply to "bodily injury", "property damage",
       "personal injury" or "advertising injury" arising out of:

       1.   The rendering or failure to render:

           a. Medical, surgical, dental, x-ray or nursing
              service, treatment, advice or instruction, or
              the related furnishing of food or beverages;

           b. Any health or therapeutic service, treatment,
              advice or instruction; or

           c. Any service, treatment, advice or instruction
              for the purpose of appearance or skin
              enhancement, hair removal or replacement or
              personal grooming.  Forma **CG2244 (10-93), Ap.
              91.**

       .       .       .       .       .       .       .       .       .

# III

## Derecho Aplicable

### A. Contrato de Seguro

A través del contrato de seguro se transfiere a una aseguradora el impacto económico producto de ciertos riesgos en el ámbito personal o comercial a cambio del pago de una prima. Natal Cruz v. Santiago Negrón *et al.*, 188 DPR 564 (2013); Maderas Tratadas v. Sun Alliance *et al.*, 185 DPR 880 (2012); S.L.G. Francis-Acevedo v. SIMED, 176 D.P.R. 372 (2009). Reiteradamente hemos reconocido la importancia que reviste este mecanismo en nuestro entorno social y mercantil, lo que ha impulsado su reglamentación extensa por parte del Estado. Maderas Tratadas v. Sun Alliance *et al.*, *supra*; S.L.G. Ortiz-Alvarado v. Great American, 182 DPR 48 (2011); Jiménez López *et al.* v. SIMED, 180 DPR 1 (2010).

Se ha descrito el seguro como "aquel por el cual una persona se obliga a indemnizar a otra o a pagarle o a proveerle un beneficio específico o determinable si se produce un suceso incierto provisto en el mismo. 26 LPRA sec. 102". Natal Cruz v. Santiago Negrón *et al.*, *supra*. De este modo se transfieren los riesgos cubiertos por la póliza a cambio de una prima. Maderas Tratadas v. Sun Alliance *et al.*, *supra,* pág. 897; Monteagudo Pérez v. E.L.A., 172 DPR 12 (2007); Coop. Ahorro y Créd. Oriental v. S.L.G., 158 DPR 714 (2003). Por lo tanto, a través de

ese pacto se forja una relación contractual entre las partes que adviene ley entre ellos. <u>Natal Cruz v. Santiago Negrón</u> *et al.*, *supra*; <u>Maderas Tratadas v. Sun Alliance</u> *et al.*, *supra*; <u>S.L.G. Ortiz-Alvarado v. Great American</u>, *supra*; <u>Jiménez López</u> *et al.* v. <u>SIMED</u>, supra. La póliza es el documento donde se consignan los términos que rigen un contrato de seguro.

El propio Código de Seguros, 26 LPRA sec. 101 *et seq.* (2014), establece la siguiente norma de hermenéutica para las cláusulas de una póliza de seguro: "Todo contrato de seguro deberá interpretarse globalmente, a base del conjunto total de sus términos y condiciones, según se expresen en la póliza y según se hayan ampliado, extendido, o modificado […]". Art. 11.250, 26 LPRA sec. 1125 (2008). Véanse, además: <u>Natal Cruz v. Santiago Negrón</u> *et al.*, *supra*; <u>Maderas Tratadas v. Sun Alliance</u> *et al.*, *supra*; <u>Jiménez López</u> *et al.* v. <u>SIMED</u>, *supra*; <u>Echandi Otero v. Stewart Title</u>, 174 DPR 355 (2008). Las cláusulas de exclusión limitan la cubierta provista por un seguro al exceptuar determinados eventos, riesgos o peligros. Generalmente son desfavorecidas, por lo que han de interpretarse restrictivamente en contra del asegurador. De este modo, se impulsa la finalidad primordial del seguro, esto es, proteger al asegurado. <u>Íd.</u> No obstante, si los términos de las cláusulas de exclusión son claros y aplican a una situación determinada, no podrá

responsabilizarse a la aseguradora por aquellos riesgos expresamente exceptuados. Íd.

El seguro de responsabilidad civil o pública, como es el caso del seguro de responsabilidad comercial general, protege al asegurado ante un tercero que ha sufrido daños por su causa. Integrand Assurance v. CODECO *et al.*, 185 DPR 146 (2012). "[El asegurador se compromete, conforme a las condiciones estipuladas en el contrato, a indemnizar a un tercero por aquellos daños y perjuicios que le ha causado el asegurado". Maderas Tratadas v. Sun Alliance *et al.*, *supra*, pág. 900.

Existe otra categoría de pólizas, denominadas de responsabilidad profesional, que protegen al asegurado "contra la responsabilidad legal de éste por los daños o lesiones causadas a terceras personas como consecuencia del rendimiento negligente de sus servicios profesionales". Díaz Ayala *et al.* v. E.L.A., 153 DPR 675, 690 (2001). Como regla general, las pólizas de responsabilidad pública comercial no cubren reclamaciones basadas en servicios profesionales. Véase, B. R. Ostrager y T. R. Newman, Handbook on Insurance Coverage Disputes, 10ma ed., Nueva York, Aspen Law & Business, 2000, sec. 7.02[b][6], pág. 319; S. T. Devenney y G. Bundschuh, Is the Line Blurring between General and Professional Liability?, 29 Construction Lawyer 15 (Spring, 2009). Los riesgos concernientes a estos servicios típicamente se atienden a través de seguros de responsabilidad

profesional. Tri-Etch, Inc. v. Cincinnati Ins. Co., 909 N.E.2d 997, 1002 (Ind. Sp. Ct. 2009). Véase, además, 4 New Appleman on Insurance Law Library Edition, LexisNexis, sec. 25.01[1], págs. 25-6 y 25-7 (Rel. 11/9/2014).

En el campo de seguros en ocasiones resulta difícil distinguir entre una reclamación civil basada en negligencia y una asentada en responsabilidad profesional, a los fines de determinar si una póliza cubre los daños. La clave está en determinar si la causa de acción surge como resultado de una conducta u omisión asociada con la prestación de servicios profesionales.

## B. Servicios Profesionales

En aquellos casos en que la póliza no incluye una definición del término "servicios profesionales" se utiliza su acepción legal. En el contexto de cláusulas de exclusión en materia de seguros, se ha resuelto que un servicio profesional conlleva una vocación, llamado, ocupación o empleo que supone, además, algún tipo de conocimiento, labor o destreza especializada. Asimismo, las habilidades que requiere un servicio profesional son predominantemente intelectuales o mentales, no físicas o manuales. Am. Econ. Ins. Co. v. Jackson, 476 F.3d 620 (8vo Cir. 2007); Hurst-Rosche Engineers, Inc. v. Commercial Union Ins. Co., 51 F.3d 1336 (7mo Cir. 1995); David Lerner Assoc., Inc. v. Phila. Indem. Ins. Co., 934 F.Supp.2d 533 (E.D. N.Y. 2013); Neighborhood Housing Services of Am., Inc. v. Turner-Ridley, 742 F.Supp.2d 964 (N.D. Ind. 2010).

El término "profesional" implica forzosamente el uso de discernimiento, según criterios inculcados mediante estudios o a base de algún conocimiento especializado. Penn Star Ins. Co. v. Real Estate Consulting Specialists, Inc., 1 F.Supp.3d 1168 (D. Mont. 2014). En otras palabras, un servicio profesional depende de si la persona actúa empleando el ingenio y adiestramiento especial propio de un profesional. David Lerner Assoc., Inc. v. Phila. Indem. Ins. Co., *supra*. A base de lo anterior, quedan excluidas las actividades que envuelven simplemente tareas físicas, manuales o clericales. Neighborhood Housing Services of Am., Inc. v. Turner-Ridley, *supra*. De igual forma, resultan insuficientes las alegaciones de mera negligencia. Penn Star Ins. Co. v. Real Estate Consulting Specialists, Inc., *supra*. Véase, además, Hartford Cas. Ins. Co. v. New Hope Healthcare, Inc., 803 F.Supp.2d 339 (E.D. Pa. 2011).

Por último, es importante señalar que la exclusión de servicios profesionales no se limita a las profesiones tradicionales tales como abogados, médicos, arquitectos e ingenieros. David Lerner Assoc., Inc. v. Phila. Indem. Ins. Co., *supra*.

## C. Regulación de Establecimientos para el Cuidado de Personas de Edad Avanzada

La vulnerabilidad del componente social de la tercera edad ha llevado al Estado a promulgar la *Carta de Derechos de la Persona de Edad Avanzada* mediante la cual se

reconocen, como cuestión de política pública, ciertos derechos dirigidos a garantizarle a esta población unos servicios y beneficios que le ayuden a enfrentar las estrecheces económicas y demás problemas asociados con la vejez.[7] A tenor con este interés social, las instituciones dedicadas al cuidado de personas de edad avanzada en Puerto Rico se encuentran reguladas muy de cerca por el Departamento de la Familia, con el fin de asegurar que el servicio brindado sea uno adecuado y acorde con la legislación y reglamentación aplicables. A esos efectos, la *Ley de Establecimientos para Personas de Edad Avanzada*,[8] y el *Reglamento para el Licenciamiento y Supervisión de Establecimientos para el Cuidado de Personas de Edad Avanzada*,[9] implantan las normas y requisitos necesarios para obtener y mantener la licencia que permita operar este tipo de establecimiento. Entre las condiciones impuestas se le exige tanto a los dueños, encargados, administradores, directores y supervisores de la empresa, así como al personal que labora en el lugar o los que prestan servicios, a obtener un *Certificado de Capacitación para el Desarrollo de Competencias en el*

---

[7]     Ley Núm. 121 de 12 de julio de 1986, según enmendada, 8 LPRA sec. 341 *et seq.* (2014).

[8]     Ley Núm. 94 de 22 de junio de 1977, según enmendada, 8 LPRA sec. 351 *et seq.* (2014) (Ley Núm. 94).

[9]     Reglamento Núm. 7349 del Departamento de la Familia de 7 de mayo de 2007 (Reglamento Núm. 7349).

*Cuidado de Personas de Edad Avanzada.*[10]  Igualmente, se les

exige mantenerse constantemente adiestrados a través de

cursos de educación continua, los que deben tomar cada

año.[11]  El Departamento de la Familia tiene, además, la

---

[10]   Las competencias básicas del Certificado incluyen, aunque no se limitan, a lo siguiente:

   (1) Valorar el envejecimiento como un proceso normal dentro del ciclo de vida y ofrecer servicios a las personas de edad avanzada, libre de prejuicios y estereotipos.

   (2) Poseer conocimientos relevantes sobre el cuidado y atención que garanticen la prestación de servicios adecuados a las personas de edad avanzada.

   (3) Reconocer el rol como proveedor de servicios en la atención y cuidados a las personas de edad avanzada.  Aplicar los conceptos medulares en [el] cuidado de la persona de edad avanzada adquiridos en la identificación y solución de problemas y situaciones que limiten la funcionalidad óptima de las personas de edad avanzada, en los aspectos físicos, sociales y psicológicos.

   (4) Desarrollar los conocimientos y las destrezas necesarias para la identificación de necesidades y la solución de problemas y situaciones que limiten la calidad de vida de las personas de edad avanzada.

   (5) Valorar el desarrollo de un plan de intervención a nivel individual y grupal para la prestación de servicios a la persona de edad avanzada.  Artículo 7(c) de la Ley Núm. 94, según enmendada.

[11]   Sobre este particular, la Sección 7.2 del Reglamento Núm. 7349 dispone lo siguiente:

   a. Todo el personal de un establecimiento debe tomar anualmente curso, seminario, taller, en diferentes áreas de cuido de personas de edad avanzada.  Estos presentarán evidencia de los mismos, los cuales incluyan entre otros, capacitación en el área de: salud, cuidado, alimentación, recreación, socialización, seguridad, otros.

   b. Los temas de los cursos o seminarios, talleres, adiestramientos de capacitación para el cumplimiento de estos requisitos incluirán, entre otros:

      1. Sensibilidad en el cuidado de personas de edad avanzada.

      2. Características y necesidades físicas, emocionales y sociales de la persona de edad avanzada.

      3. Conocimientos y manejos de las enfermedades comunes de la persona de edad avanzada.

      4. Nutrición, alimentación, manipulación y preparación de alimentos para la persona de edad avanzada.

      5. Salud e higiene de la persona de edad avanzada.

      6. Abuso y negligencia de la persona de edad avanzada.

responsabilidad de velar que estos establecimientos operen de acuerdo a las normas vigentes aplicables.[12]

## D. Sentencia Sumaria

La sentencia sumaria ofrece una alternativa ágil y eficaz para resolver de manera parcial o total las reclamaciones pendientes ante el tribunal. Meléndez González v. M. Cuebas, Inc., 2015 TSPR 70, 193 DPR ___ (2015); Oriental Bank & Trust v. Perapi S.E., 2014 TSPR 133, 192 DPR ___ (2014). La Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3 (2010), establece el mecanismo aplicable al proceso de sentencia sumaria. Se exige, como requisito esencial, la ausencia de una controversia real y sustancial sobre algún hecho esencial y pertinente y que, como cuestión de derecho, proceda dictar sentencia según solicitada. Íd. "Consecuentemente, se permite disponer de asuntos pendientes ante el foro judicial sin necesidad de celebrar un juicio, ya que únicamente resta aplicar el derecho a los hechos no controvertidos". SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 430 (2013).

**IV**

---

7. Recreación y ocupación para la persona de edad avanzada.

8. Técnicas de desalojo en caso de emergencia en los establecimientos de la persona de edad avanzada.

9. Otros.

[12]     Véase, Art. 6 de la Ley Núm. 94, según enmendada por la Ley Núm. 152-2003.

Los hechos esenciales que dan base a la Demanda en este caso no están en controversia. La señora Candelaria, de 75 años, era paciente de Alzheimer. No tenía movilidad por cuenta propia y requería estar físicamente restringida de forma constante y permanente. De otra parte, el acuerdo con el Centro exigía cuidados relacionados a su aseo, alimentación, tratamiento médico y todo aquello que fuese necesario para asegurar su bienestar. Sin embargo, mientras residía en el Centro denominado City of Angels, de alguna manera logró ingerir pedazos de plástico, lo que le ocasionó severos daños gastrointestinales. Por consiguiente, las alegaciones giran en torno a la supuesta deficiencia en el cuidado brindado a la señora Candelaria durante su estadía en City of Angels, lo cual le permitió acceso a estos objetos. Las recurridas aducen que no se le vigiló o cuidó adecuadamente considerando su condición de salud. Universal plantea que son dos las cláusulas de exclusión que le relevan de cubierta en este caso, a saber: servicios brindados por proveedores de cuidado de salud y servicios profesionales.

En lo concerniente a la exclusión de servicios brindados por proveedores de cuidado de salud, concluimos que resulta inaplicable a los hechos según constan en autos. No debe interpretarse esta disposición como que abarca todo tipo de servicio provisto por el Centro meramente porque se le designó como proveedor de salud en la póliza. Para poder identificar la conducta específica

comprendida en esta exclusión, es menester remitirnos a la Forma **CG2244 (10-93)**. Al examinar este documento, notamos que lo que allí se detalla con precisión son actividades **vinculadas de alguna manera con tratamiento médico o ramas asociadas a la salud, aspecto físico y alimentación**. A pesar de que las alegaciones en este caso giran en torno a daños ocasionados por supuesta deficiencia en servicios que City of Angels venía obligado a proveerle a la señora Candelaria, en ningún momento se ha intimado que estos servicios son de naturaleza médica o conciernen a su aspecto físico o a su alimentación, según requiere la Forma **CG2244 (10-93)**.

Procedemos entonces a examinar la otra exclusión objeto de debate en este recurso según designada en la Forma **CG2116 (07-98)**. A pesar de que las partes difieren en cuanto a la aplicación de esta cláusula a los eventos antes descritos, sus términos son categóricos al exceptuar **todo** tipo de servicios profesionales.

En apoyo a su posición, Universal argumenta que el cuido de personas de edad avanzada conlleva un trato particular especializado que lo ubica dentro del ámbito de servicios profesionales exceptuados de cubierta. Por su lado, las recurridas sostienen que no aplica la exclusión por tratarse de una mera negligencia en el cuidado de la señora Candelaria, que en nada implica la prestación de servicios profesionales.

La función primordial de un Centro como City of Angels es velar por el bienestar y seguridad de las personas de edad avanzada que tiene a su cargo. Dada la naturaleza de este tipo de establecimiento, se le requiere a la entidad brindar unos cuidados y atenciones especiales a los residentes. Estos servicios, inherentes al quehacer propio de la empresa, necesariamente conllevan unos conocimientos y destrezas particulares para que pueda atenderse adecuadamente esta población. Así lo concibe igualmente nuestro ordenamiento y es por ello que el Estado reglamenta estos lugares de manera rigurosa. En el caso particular de la señora Candelaria, se acentúa aún más la necesidad de cuidados diestros debido a que ésta estaba incapacitada y tenía un diagnóstico de Alzheimer, lo que conlleva serias limitaciones físicas y mentales.

A base de lo discutido anteriormente, entendemos que la negligencia señalada en la Demanda está cimentada en la omisión de servicios especializados que el Centro venía obligado a proveerle a la señora Candelaria. Esta obligación implica, necesariamente, limitar todo riesgo potencial de daño a través de una supervisión profesional adecuada. Para efectos de la señora Candelaria, se incumplió con el deber de velar por su bienestar y seguridad, función que, bajo las circunstancias particulares de este caso, cualifica como servicios profesionales.

Por consiguiente y por los fundamentos antes expresados, concluimos que la Demanda invoca una violación a deberes profesionales. La reclamación surge debido a que el Centro no prestó los servicios especializados requeridos por la condición de la señora Candelaria. Esta omisión queda, por lo tanto, fuera de la cubierta brindada en la póliza expedida por Universal en función de la exclusión de servicios profesionales. Para efectos de este caso, el riesgo del cual se protege a los asegurados a través de la póliza en cuestión comprende únicamente aquellos daños que ocurran como consecuencia de una conducta negligente del personal del Centro, pero que surjan de actos u omisiones **independientes a los servicios profesionales de cuido y supervisión que la empresa viene obligada a brindarle a los residentes de City of Angels.**

En resumen, una cláusula de exclusión de servicios profesionales contenida en una póliza de responsabilidad general comercial excluye la cubierta de aquellos incidentes suscitados en el proceso de ofrecer o dejar de proveer los servicios de supervisión y atención necesaria a individuos ubicados o instalados en establecimientos de cuido para personas de edad avanzada por éstos constituir servicios profesionales.

V

Por todo lo anterior, se revoca la Resolución del Tribunal de Apelaciones y se dicta sentencia sumaria parcial a favor de Universal. Se devuelve el caso al

Tribunal de Primera Instancia para la continuación de los procedimientos respecto a las otras partes en el litigio.

Se dictará Sentencia de conformidad.


                        ROBERTO FELIBERTI CINTRÓN
                             Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| EVELYN VIRUET CANDELARIA<br>MARITZA VIRUET CANDELARIA<br>DELIA CANDELARIA RIVERA<br><br>    Recurridas<br><br>        v.<br><br>CITY OF ANGELS, INC.;<br>ÁNGEL CASIANO TORRES, SU<br>ESPOSA MICHELLE REYES PEÑA Y<br>LA SOCIEDAD LEGAL DE<br>GANANCIALES COMPUESTA POR<br>AMBOS; X CORPORATION Y JOHN<br>DOE<br><br>**UNIVERSAL INSURANCE COMPANY**<br><br>    Peticionaria | **Núm.** <u>CC-2014-0163</u><br><br><br><br><br><br>*Certiorari* | |

**SENTENCIA**

En San Juan, Puerto Rico, a 4 de diciembre de 2015.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se revoca la Resolución del Tribunal de Apelaciones y se dicta sentencia sumaria parcial a favor de Universal Insurance Company. Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos respecto a las otras partes en el litigio.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal. La Juez Asociada señora Rodríguez Rodríguez concurre sin opinión escrita. La Jueza Asociada Oronoz Rodríguez disiente sin opinión escrita. La Jueza Presidenta señora Fiol Matta no intervino. El Juez Asociado señor Estrella Martínez no interviene.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo