Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| ASOCIACIÓN DE CONDOMINES METRO MEDICAL CENTER, INC.<br><br>Recurrido<br><br>V.<br><br>MMC, LLC<br><br>Recurrido<br><br>V.<br><br>LAS BRISAS PROPERTY MANAGEMENT, INC.; CHUBB INSURANCE COMPANY OF PUERTO RICO; ASEGURADORA ABC Y ASEGURADORA DEF<br><br>Peticionarios | KLCE202400095 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia Sala de Superior de Bayamón<br><br>Caso Núm.: BY2020CV03775<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Marrero Guerrero, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 23 de febrero de 2024.

Comparece Chubb Insurance Company of Puerto Rico (en adelante, Chubb Insurance o parte peticionaria), mediante el recurso de *certiorari*.[1] Nos solicita que revisemos una *Sentencia Parcial* emitida el 29 de noviembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).[2] Mediante dicho dictamen, el TPI desestimó con perjuicio y de forma exclusiva

---

[1] El recurso ante nuestra consideración fue presentado inicialmente como una apelación. Sin embargo, tras evaluar el expediente, concluimos que el recurso adecuado es el de *certiorari*. En consecuencia, se ordenó a la Secretaría del Tribunal de Apelaciones asignar el alfanumérico correspondiente a un certiorari. Véase *Resolución* del 22 de enero de 2024.
[2] Apéndice del recurso de la parte peticionaria, págs. 1265-1303. Archivada y notificada en autos el 1 de diciembre de 2023.

cualquier reclamación respecto a la póliza de responsabilidad general comercial número 08-95PR-000800503-0, emitida por Chubb Insurance. En cuanto a las restantes causas de acción y controversias, declaró "No Ha Lugar" la solicitud de sentencia sumaria.

Por los fundamentos que expresamos a continuación, en el ejercicio de nuestra discreción denegamos expedir el auto de *certiorari* solicitado.

**-I-**

El 25 de noviembre de 2020, la Asociación de Condómines Metro Medical Center (en adelante, la Asociación de Condómines), presentó una *Demanda* sobre cobro de dinero contra de MMC, LLC. (en adelante, MMC) en concepto de unas pólizas de seguros y cuotas de mantenimiento de diversas unidades a favor del Condominio Metro Medical Center (en adelante, Condominio).[3] En específico, adujo que MMC adeudaba una cantidad que ascendía a $347,067.00 en cuotas de mantenimiento y $65,562.78 en pago de pólizas de seguros.

Por su parte, el 8 de abril de 2021, MMC presentó una *Contestación a demanda* en la que negó las alegaciones presentadas en su contra.[4]

El 3 de junio de 2023, la Asociación de Condómines presentó una *Demanda enmendada* con el fin de actualizar la cantidad de unidades por las cuales, según alegaban, MMC debía mantenimiento, así como la cuantía adeudada.[5]

El 21 de junio de 2021, MMC presentó una *Contestación a demanda enmendada* en la que negó nuevamente las alegaciones

---

[3] *Íd.*, págs. 1-4.
[4] *Íd.*, págs. 5-8.
[5] *Íd.*, págs. 9-11.

presentadas en su contra. Asimismo, presentó defensas afirmativas para sustentar su posición.[6]

En consecuencia, el 24 de agosto de 2021, la Asociación de Condómines presentó una *Segunda demanda enmendada* en la que actualizó de nuevo la cantidad que adeudada por MMC en concepto de cuotas de mantenimiento y seguro adicional.[7]

El 23 de septiembre de 2021, MMC presentó una *Contestación a la Segunda demanda enmendada, reconvención y demanda contra terceros*.[8] En esta, negó las alegaciones formuladas en su contra por parte de la Asociación de Condómines. Además, incluyó una reconvención contra la Asociación de Condómines, así como una demanda contra tercero contra Las Brisas Property Management, Inc. (en adelante, La Brisas) y su compañía aseguradora, Chubb Insurance. Argumentó que Las Brisas aprobó cuotas y presupuestos operacionales desmedidos en contravención de la Ley de Condominios e instigó el cobro ilegal de cuotas de mantenimiento y cargos por pólizas de seguro contrarios a las prácticas administrativas establecidas en la Ley de Condominios y el Reglamento del Condominio. También planteó que Las Brisas y su compañía aseguradora, Chubb Insurance, incumplieron con su deber al no proporcionar un desglose sobre las alegadas deudas, no rendir cuentas y rechazar pagos para negociar de buena fe.

Por su parte, el 10 diciembre de 2021, Chubb Insurance presentó una *Contestación a la demanda contra terceros contenida en documentos Sumac 33*.[9] A través de su respuesta, negó las alegaciones en su contra y señaló que: (1) expidió una póliza con número DO3605 a favor de la Asociación de Condómines, en la que se identificó al Condominio como la parte asegurada; (2) el período

---

[6] *Íd.*, págs. 12-15.
[7] *Íd.*, págs. 17-20.
[8] *Íd.*, págs. 21-32.
[9] *Íd.*, págs. 51-55.

de cobertura de la referida póliza es del 13 de septiembre de 2021 al 13 de septiembre de 2022; (3) la póliza es del tipo "Directors Trustees and Officers Indemnity Insurance Policy" y tiene un límite de responsabilidad de $1,000,000 en el agregado sujeto a un retenido de auto-seguro de $2,500.00; y (4) la póliza también es del tipo "claim made" y ningún asegurado notificó oportunamente la reclamación o la expectativa de una reclamación en relación con los hechos descritos en la demanda contra terceros.

Tras varios trámites procesales, el 11 de octubre de 2022, Chubb Insurance presentó una *Moción solicitando sentencia sumaria parcial* en la que alegó que procedía la desestimación con perjuicio de la reconvención y demanda contra tercero en su contra.[10] En esencia, sostuvo que: (1) la reclamación de MMC está prescrita, por no haber impugnado dentro del término de treinta (30) días el presupuesto y las cuotas de mantenimiento aprobados por la Asociación de Condómines, según establece la Ley de Condominios; (2) MMC no puede impugnar la validez de las cuotas de mantenimiento y primas de seguros, ya que no participó ni votó en la Asamblea del Condominio; (3) luego de la presentación de la *Demanda,* MMC pagó parte de las sumas que le fueron reclamadas sobre varias unidades del Condominio, lo que constituyó una aceptación de la validez del cobro de dinero instado en su contra; y (4) las pólizas de seguros que expidió no cubren las reclamaciones presentadas en la reconvención, por lo que procede la desestimación de la demanda contra tercero con perjuicio y la imposición del pago de honorarios de abogado por temeridad contra MMC.

El 16 de diciembre de 2022, MMC presentó una *Oposición a moción en solicitud de sentencia sumaria parcial de Chubb Insurance Company of Puerto Rico, Inc.*[11] En esta, alegó que no procedía la

---

[10] *Íd.*, págs. 124-513.
[11] *Íd.*, págs. 514-1264.

solicitud de desestimación presentada por Chubb Insurance, ya que existen controversias entre las partes, así como tampoco procede imponer temeridad en su contra. A su vez, señaló que la póliza de seguro de Chubb Insurace cubre las actuaciones realizadas por la Asociación de Condómines y Las Brisas. Además, afirmó que la causa de acción no estaba prescrita.

El 29 de noviembre de 2023, el foro primario emitió una *Sentencia Parcial* en la que concedió parcialmente la sentencia sumaria solicitada por Chubb Insurance.[12] Es específico, desestimó con perjuicio y de forma exclusiva cualquier reclamación respecto a la póliza de responsabilidad general comercial número 08-95PR-000800503-0, emitida por la parte peticionaria. En cambio, declaró "No Ha Lugar" la solicitud de sentencia sumaria sobre las restantes causas de acción y controversias. En concreto, el TPI determinó que resulta necesaria la celebración de un juicio en su fondo para determinar si existe o no cubierta bajo la póliza número DO3605, también emitida por la parte peticionaria, según sus términos y exclusiones.

El 14 de diciembre de 2023, MMC presentó una *Moción solicitando reconsideración parcial de sentencia* en la que solicitó una partida correspondiente a honorarios por temeridad contra Chubb Insurance. Según su perspectiva, el foro primario determinó que la parte peticionaria actuó temerariamente pero no incluyó la partida correspondiente.[13] Por el otro lado, Chubb Insurance presentó una *Moción solicitando reconsideración* en la que: (1) solicitó la corrección de la determinación de hechos número 32, por reflejar de manera incorrecta el período de vigencia y retroactividad de la póliza número DO3605; (2) argumentó que el litigio inició previo al comienzo de la vigencia de la póliza número DO3605, por

---

[12] *Íd.*, págs. 1265-1303.
[13] *Íd.*, págs. 1304-1310.

lo que la reclamación de MMC está excluida de cubierta; y, por último, (3) sostuvo que no incurrió en temeridad, y que por el contrario, prevaleció parcialmente en la determinación del TPI con respecto a la póliza de responsabilidad comercial número 08-95PR-000800503-0. Por ello, concluyó que las alegaciones de MMC sobre temeridad carecían de fundamentos.[14]

El 18 de diciembre de 2023, el TPI emitió y notifico dos (2) resoluciones. En la primera *Resolución* denegó la reconsideración presentada por MMC y aclaró que las expresiones en su sentencia no constituyeron una determinación de temeridad a tenor con la Regla 44.1 (d).[15] De igual manera, denegó la *Moción solicitando reconsideración* presentada por Chubb Insurance.[16]

Inconforme con la determinación del foro primario, la parte peticionaria presentó el recurso que nos ocupa. En el mismo, imputa la comisión de los siguientes errores:

> **PRIMER ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO CONCLUIR QUE LA RECONVENCIÓN Y DEMANDA CONTRA TERCEROS PRESENTADA POR MMC DEBIÓ SER DESESTIMADA TODA VEZ QUE LOS REMEDIOS SOLICITADOS ESTÁN EXPRESAMENTE EXCLUIDOS POR LA PÓLIZA DO365.

> **SEGUNDO ERROR:** ERRÓ EL TRIBUNAL AL NO CONCLUIR QUE LA RECONVENCIÓN Y DEMANDA CONTRA TERCEROS PRESENTADA POR MMC ESTÁ RELACIONADA A UN LITIGIO INICIADO PREVIO A LA FECHA DE INICIO (INCEPTION DATE) DE LA PÓLIZA POR LO QUE ESTÁ EXPRESAMENTE EXCLUIDA DE CUBIERTA.

En vista de los errores imputados, procedemos a discutir las normas jurídicas aplicables a este recurso.

**-III-**

**-A-**

El *certiorari* es un recurso extraordinario cuya característica se asienta en la sana discreción encomendada al tribunal revisor para

---

[14] *Íd.*, págs. 1311-1351.
[15] *Íd.*, págs. 1352.
[16] *Íd.*, págs. 1354-1355.

autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65, 212 DPR __ (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). En este sentido, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

De no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari*.

**-B-**

La sentencia sumaria es un mecanismo procesal cuyo objetivo principal es simplificar la solución justa, rápida y económica de casos civiles que no presentan controversias genuinas o reales sobre hechos materiales y esenciales. Regla 36 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36; *Bobé v. UBS Financial Services*, 198 DPR 6, (2017). Se considera un hecho material esencial aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho

sustantivo aplicable. *S.L.G. Szendrey-Ramos v. Consejo de Titulares*, 184 DPR 133 (2011). En ese sentido:

> *La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia, demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que, como cuestión de derecho, el tribunal debe dictar sentencia sumaria a favor de la parte promovente. Regla 36.3 (e) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3 (e)*

En otras palabras, este mecanismo podrá ser empleado en situaciones en las que la celebración de una vista o del juicio en su fondo resultare innecesaria, debido a que el tribunal tiene ante su consideración todos los hechos necesarios y pertinentes para resolver la controversia y solo resta aplicar el derecho. *Burgos López et al. v. Condado Plaza*, 193 DPR 1 (2015); *Mejías v. Carrasquillo*, 185 DPR 288 (2012). En sentido contrario, un asunto no debe ser resuelto sumariamente cuando:

> *(1) existen hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que acompañan la moción una controversia real sobre algún hecho material y esencial, o (4) como cuestión de derecho no procede. S.L.G. Szendrey-Ramos v. Consejo de Titulares, supra.*

El inciso (a) de la Regla 36.3 de Procedimiento Civil establece que la moción de la parte promovente deberá contener:

> *(1) Una exposición breve de las alegaciones de las partes;*
> *(2) los asuntos litigiosos o en controversia;*
> *(3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;*
> *(4) una relación concisa y organizada en párrafos enumerados, de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;*
> *(5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y*
> *(6) el remedio que debe ser concedido.*
>
> *Regla 36.3(a) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a).*

De manera similar, la Regla 36.4 de Procedimiento Civil establece que si no se emite una sentencia sobre la totalidad del

pleito, no se otorga todo el remedio solicitado, o se deniega la petición, y es necesario celebrar un juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, así como los hechos esenciales y pertinentes que están realmente controvertidos.

Asimismo, presentada una moción de sentencia sumaria, la parte promovida no deberá cruzarse de brazos ni descansar exclusivamente en meras afirmaciones o en las aseveraciones contenidas en sus alegaciones. *Rodríguez Méndez v. Laser Eye*, 195 DPR 769 (2016). Es preciso que la parte promovida formule, con prueba adecuada en derecho, una posición sustentada con contradeclaraciones juradas y contradocumentos que refuten los hechos presentados por el promovente. *Ramos Pérez v. Univisión*, 178 DPR 200 (2010). Por consiguiente, cualquier duda que plantee sobre la existencia de hechos materiales en controversia no será suficiente para derrotar la procedencia de la solicitud. *Oriental Bank v. Perapi et al.*, 192 DPR 7 (2014). Después de todo, la etapa procesal para presentar prueba que controvierta los hechos propuestos por una parte en su moción de sentencia sumaria no es en el juicio, sino al momento de presentar una oposición a la moción de sentencia sumaria, según lo exige la Regla 36 de Procedimiento Civil. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100 (2015).

En ese sentido, la parte promovida también está obligada a cumplir con las exigencias enunciadas en las cláusulas (1), (2) y (3) del inciso (a) de la Regla 36.3 (b)(1) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3 (b)(1). Le corresponde citar con especificidad cada uno de los párrafos, según enumerados en la solicitud de sentencia sumaria, que entiende se encuentran en controversia, al igual aquellos que no. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414 (2013). Dicha tarea deberá ser realizada de forma tan detallada y

específica como lo haya hecho la parte promovente y haciendo referencia a la evidencia admisible en la cual se sostiene la impugnación, con cita a la página o sección pertinente. *Id.*

Así pues, al evaluar si existe controversia de hechos que impidan dictar sentencia sumaria, los Tribunales deben: (1) analizar los documentos que acompañan la solicitud, los incluidos en la oposición y aquellos que obran en el expediente; y (2) determinar si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *S.L.G. v. S.L.G.*, 150 DPR 171, 194 (2000).

Finalmente, destacamos que, según establecido por nuestro Tribunal Supremo, este primer foro apelativo se sitúa en la misma posición que los foros de instancia al revisar las solicitudes de que determinada sentencia sea dictada sumariamente. *Meléndez González et al. v. M. Cuebas, supra.* Por lo tanto, nuestra revisión es una *de novo.*

**-C-**

Reiteradamente nuestro Tribunal Supremo ha establecido que la materia de seguros está investida de alto interés público debido a que desempeña un trascendental rol en la protección de riesgos que amenazan la vida o el patrimonio de los ciudadanos. *Serrano Picón v. Multinational Life Ins.*, 2023 TSPR 118, 212 DPR __ (2023); *RJ Reynolds v. Vega Otero*, 197 DPR 699, 706-707 (2017); *Natal Cruz v. Santiago Negrón et al.*, 188 DPR 564, 575-576 (2013). De esta forma, la industria de seguros está extensamente regulada por el Código de Seguros de Puerto Rico, 26 LPRA sec. 101 *et seq.,* y supletoriamente por el Código Civil de Puerto Rico, 31 LPRA sec. 5311 *et seq.*

El contrato de seguro es definido como aquel "mediante el cual una persona se obliga a indemnizar a otra o a pagarle o a proveerle un beneficio específico o determinable al producirse un suceso

incierto previsto en el mismo". 26 LPRA sec. 102. De producirse el suceso incierto previsto en el contrato de seguro, su propósito radica en proteger al asegurado mediante la transferencia del riesgo que asumió la compañía aseguradora a cambio del pago de la prima. *RJ Reynolds v. Vega Otero, supra,* pág. 707; *Natal Cruz v. Santiago Negrón et al., supra,* pág. 576; *SLG Francis-Acevedo v. SIMED,* 176 DPR 372, 384 (2009).

Los términos acordados entre el asegurado y la aseguradora están contenidos en la póliza. *Maderas Tratadas v. Sun Alliance et al.,* 185 DPR 880 (2012). "La póliza es el instrumento escrito en que se expresa un contrato de seguro". 26 LPRA sec. 1114 (1). Las cláusulas contenidas en la póliza constituyen la ley entre las partes. *Maderas Tratadas v. Sun Alliance et al., supra,* pág. 897; *SLG Francis-Acevedo v. SIMED, supra,* pág. 386. El Código de Seguros dispone las normas hermenéuticas que los tribunales deben atribuirles a los contratos de seguros. *RJ Reynolds v. Vega Otero, supra; Echandi Otero v. Stewart Title,* 174 DPR 355, 369 (2008). A saber, "[t]odo contrato de seguro deberá interpretarse globalmente, a base del conjunto total de sus términos y condiciones, según se expresen en la póliza y según se hayan ampliado, extendido, o modificado por aditamento, endoso o solicitud adherido a la póliza y que forme parte de ésta". 26 LPRA sec. 1125. Los términos esbozados en la póliza deben ser interpretados en su acepción general, sin ceñirse demasiado al rigor gramatical. *Rivera Matos et al. v. Triple-S et al.,* 204 DPR 1010, 1020 (2020); *Echandi Otero v. Stewart Title, supra,* pág. 370; *Marín v. American Int' l. Ins. Co. of PR,* 137 DPR 356, 361 (1994). "Sin embargo, si de la póliza se desprende un significado particular para determinado término, este se aplicará a tenor con lo convenido por las partes". *SLG Francis-Acevedo v. SIMED, supra,* pág. 387. A tal efecto, los tribunales deben interpretar los términos según su acepción general, como lo interpretaría una persona de inteligencia promedio que pretenda

adquirir la póliza. *Íd.*; *Serrano Picón v. Multinational Life Ins., supra*; *Rivera Matos et al. v. Triple-S et al., supra*; *Maderas Tratadas v. Sun Alliance et al., supra*, pág. 898; *Quiñones López v. Manzano Posas*, 141 DPR 139, 155 (1996).

Es norma trillada que un contrato de seguro es un contrato de adhesión, debido a que la aseguradora es la parte que dicta los términos y las condiciones expuestas en la póliza. *SLG Francis-Acevedo v. SIMED, supra*, pág. 386; *Maderas Tratadas v. Sun Alliance et al., supra*, pág. 899; En este sentido, toda ambigüedad se debe interpretar en favor del asegurado, por vía de una interpretación razonable. *Serrano Picón v. Multinational Life Ins., supra*; *SLG Francis-Acevedo v. SIMED, supra*, pág. 386; *Echandi Otero v. Stewart Title, supra*. Ahora bien, cuando las cláusulas sean claras y libres de ambigüedad, esta norma hermenéutica no aplicará y el asegurado se ceñirá por los términos de la póliza. *Maderas Tratadas v. Sun Alliance et al., supra*. Los términos de un contrato son claros cuando no dan lugar a duda, ambigüedad o divergencia en interpretaciones. *Rivera Matos et al. v. Triple-S et al., supra*, pág. 1021; *SLG Francis-Acevedo v. SIMED, supra,* pág. 387.

Además, se debe considerar si la póliza contiene cláusulas de exclusión para cerner los riesgos cubiertos por la aseguradora. *SLG Francis-Acevedo v. SIMED, supra,* pág. 388. Las cláusulas de exclusión limitan la cubierta de protección y, como consecuencia, disponen las circunstancias en las que la aseguradora no responderá por determinados eventos, riesgos o peligros. *Íd.*; *Serrano Picón v. Multinational Life Ins., supra*; *Rivera Matos et al. v. Triple-S et al., supra*, pág. 1021; *Viruet et al. v. SLG Casiano-Reyes*, 194 DPR 271, 279 (2015); *Jiménez López et al. v. SIMED*, 180 DPR 1, 11 (2010); *Echandi Otero v. Stewart Title, supra*. Por ello, las cláusulas de exclusión deben interpretarse restrictivamente para que la aseguradora cumpla su propósito de proveer protección al

asegurado. *Íd.*; *Marín v. American Int' l. Ins. Co. of PR, supra,* pág. 362. Así, cualquier ambigüedad en una cláusula de exclusión debe resolverse a favor del asegurado. *Íd.* Empero, cuando los términos, las condiciones y las exclusiones contenidas en la póliza son claras, deben interpretarse literalmente, a tenor con la voluntad de las partes. *Íd.*; *Jiménez López et al. v. SIMED, supra*; *Quiñones López v. Manzano Posas, supra*, pág. 156. En tal eventualidad, la aseguradora no está obligada a cubrir los riesgos expresamente excluidos, aun cuando otras cláusulas de la póliza parezcan inferir lo contrario. *Marín v. American Int' l. Ins. Co. of PR, supra*; *Quiñones v. Manzano Posas, supra.*

A la luz de las normas jurídicas antes expuestas, procedemos a resolver.

### -IV-

Tras un análisis minucioso de los autos, y en el ejercicio de nuestra discreción bajo la Regla 40, *supra*, declinamos la invitación de Chubb Insurance a intervenir con lo actuado por el TPI. La determinación del TPI para desestimar con perjuicio y de forma exclusiva cualquier reclamación respecto a la póliza de responsabilidad general comercial número 08-95PR-000800503-0, y declarar "No Ha Lugar" la solicitud de sentencia sumaria sobre las restantes causas de acción y controversias, se fundamentó en que al momento existen controversias sobre si hay o no cubierta bajo la póliza número DO3605, según sus términos y exclusiones. La determinación es razonable y dicho foro no cometió error de derecho alguno. Ello pues, conforme nos es requerido, evaluada *de novo* la solicitud de sentencia sumaria junto a la documentación en apoyo a la misma, coincidimos con el TPI tanto en los hechos determinados como incontrovertidos como los que dicho foro enumeró como aspectos en controversia, por lo que acogemos los mismos en su totalidad.

Así las cosas, una vez finalice el juicio, el TPI estará en mejor posición para aquilatar la prueba y dirimir los planteamientos de las partes. Así las cosas, y no apreciando la comisión de algún error por el foro primario, declinamos la invitación de la parte peticionaria de intervenir con la determinación recurrida.

**-IV-**

Por los anteriores que anteceden, se deniega la expedición del auto de *certiorari* solicitado por Chubb Insurance.

Lo acuerda el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones