Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **SARAH GREENE**, por sí, y junto a MICHAEL FLAHERTY, en representación del hijo menor de ambos, M.G.F.<br><br>**Apelante**<br><br>v.<br><br>LUCIO BIASE, MONIKA GILMORE Y MAPFRE PRAICO INSURANCE COMPANY<br><br>Apelado | KLAN202401077 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2023CV04757 Sala: 701<br><br>Sobre: Difamación |
| LUCIO BIASE<br><br>Demandante<br><br>v.<br><br>MACDARA G. FLAHERTY, MICHAEL F. FLAHERTY; SARAH GREENE; DORADO BEACH EAST HOMEOWNERS ASSOCIATION, INC.; ST. JAMES SECURITY SERVICES, LLC.; RESTAURANTE MELAO BY MARIO PAGAN, COMO CORPORACIÓN Y, Z y W; PERSONAS A, B, C; ASEGURADORAS D. E. F.<br><br>Demandado | | Civil Núm.: SJ2023CV10926 Sala: 701<br><br>Sobre: Daños y Perjuicios |

Panel especial integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de diciembre de 2025.

Número Identificador

SEN2025 _____

Comparece la señora Sarah Greene mediante recurso de apelación y solicita que revoquemos las *Sentencias Parciales* del Tribunal de Primera Instancia, Sala Superior de Bayamón, emitidas el 17 de septiembre de 2024. En dichos dictámenes, se desestimaron las demandas contra tercero de la apelante. Por los fundamentos que expresaremos, confirmamos las *Sentencias Parciales* recurridas.

En síntesis, el 25 de noviembre de 2022, la señora Sarah Greene y el señor Michael Flaherty celebraron el vigésimo cumpleaños de su hijo, el señor Macdara G. Flaherty, en un restaurante localizado en la urbanización Dorado Beach East. Al culminar la cena y tras haberse intoxicado con alcohol, el joven caminó del restaurante hasta su antigua residencia, ahora ocupada por su nuevo dueño, el señor Lucio Biase. El joven entonces irrumpió ilegalmente y de manera violenta en la propiedad mientras la señora Monika Gilmore, pareja del señor Biase, se encontraba adentro sola. Por lo sucedido, la Policía de Puerto Rico arrestó al señor Macdara G. Flaherty y le radicaron cargos criminales.

Entre tanto, y en lo pertinente al presente caso, la señora Greene firmó un contrato de seguro con Multinational Insurance Company para una cubierta que duraría entre el 19 de noviembre de 2022 y el 19 de noviembre de 2023. A esos efectos, el contrato dispone lo siguiente en su *Liability Coverage Part*:

**E. Coverage A – Personal Liability And Coverage B – Medical Payments To Others**
Coverages **A** and **B** do not apply to the following:
1. **Expected Or Intended Injury**
   "Bodily injury" or "property damage" which is expected or intended by an "insured" even if the resulting "bodily injury" or "property damage":
   a. Is of a different kind, quality or degree than initially expected or intended; or
   b. Is sustained by a different person, entity, real or personal property, than initially expected or intended.

However, this Exclusion **E.1.** does not apply to "bodily injury" resulting from the use of reasonable force by an "insured" to protect persons or property [.]

**H. Coverage C – Personal Injury Liability**

Coverage **C** does not apply to "Personal Injury":

1. Caused by or a *[sic]* the direction of an "insured" with the knowledge that the act would violate the rights of another and would inflict "personal injury";
2. arising our *[sic]* of oral or written publication of material, if done by or ate *[sic]* the direction of an "insured" with knowledge of its falsity;
3. arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;
4. arising out of a criminal act committed by or at the direction of an "insured" [.]

A raíz de los hechos esbozados, la apelante, en el caso BY2023CV04757, presentó una demanda por difamación contra el señor Biase y la señora Gilmore y alegó como cierto el que el señor Macdara G. Flaherty forzó su entrada a la residencia de estos demandados. En respuesta, el señor Biase y la señora Gilmore presentaron una reconvención y argumentaron que la señora Greene era quien había estado haciendo declaraciones difamatorias contra estos. Mientras tanto, el señor Biase, en el caso SJ2023CV10926, incoó una demanda por daños y perjuicios contra la señora Greene, el señor Flaherty y el señor Macdara G. Flaherty, a la cual la apelante contestó oportunamente.

No obstante, lo anterior, en ambos casos la apelante presentó una demanda contra tercero contra Multinational por incumplimiento contractual, toda vez que ésta denegó asignarle una representación legal y cubrir lo alegado en las reconvenciones. En respuesta a ambas demandas contra tercero, Multinational solicitó sentencia sumaria parcial y adujo que los daños reclamados en las reconvenciones del caso BY2023CV04757 y en la demanda original del caso SJ2023CV10926 no están cubiertos bajo la póliza de seguro que Multinational expidió a favor de la señora Greene.

Consolidados los casos y evaluados los argumentos de todas las partes, el Tribunal apelado desestimó ambas demandas contra tercero a razón de que (1) en el caso BY2023CV04757, los actos intencionales del señor Macdara G. Flaherty no están cubiertos por la póliza, más que dicha póliza excluye las acciones difamatorias realizadas por el asegurado; y (2) en el caso SJ2023CV10926, el señor Macdara G. Flaherty, uno de los coasegurados, cometió daños de manera intencional, por lo cual la póliza de Multinational no podrá proteger al entonces menor de edad, al igual que a su madre. Ante las solicitudes de reconsideración de la apelante, el Tribunal recurrido resolvió sin lugar a todas dentro de un mismo escrito.

Insatisfecha, la apelante recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al (1) emitir los dictámenes sumarios parciales cuando este pleito consolidado envuelve un asunto de alto interés público; (2) dictar sus determinaciones cuando persisten dudas, genuinas y legítimas, sobre las exclusiones invocadas por la aseguradora para denegar la cubierta; y (3) pasar por alto o aplicar incorrectamente las normas que rigen la interpretación de las jurisprudencialmente desfavorecidas cláusulas de exclusión, tal como las contenidas en la póliza objeto de este litigio. Sin requerir la oposición de la parte apelada, resolvemos.

Vale recordar que un contrato de seguro es uno de adhesión y mediante el cual una persona se obliga a indemnizar a otra, pagarle o proveerle un beneficio específico o determinable al producirse un suceso incierto previsto en el mismo. Art. 1.020 del Código de Seguros, 26 LPRA sec. 102. Véase *Rivera Matos v. ELA*, 204 DPR 1010 (2020). A razón de ello, las cláusulas dudosas o ambiguas deberán interpretarse

liberalmente en beneficio del asegurado y, en efecto, las cláusulas de exclusiones son desfavorecidas y deberán interpretarse restrictivamente en contra del asegurador. *Rivera Matos v. ELA*, *supra* (citando a *Viruet et al. v. SLG Casiano-Reyes*, 194 DPR 271 (2015); *Natal Cruz v. Santiago Negrón et al.*, 188 DPR 564 (2013); *Maderas Tratadas v. Sun Alliance et al.*, 185 DPR 880 (2012); *Jiménez López et al. v. SIMED*, 180 DPR 1 (2010); *SLG Francis-Acevedo v. SIMED*, 176 DPR 372 (2009); *Monteagudo Pérez v. ELA*, 172 DPR 12 (2007)). Esto, ya que las cláusulas de exclusión tienen el propósito de limitar la cubierta establecida en el acuerdo principal y si a pesar de aplicarse una interpretación restrictiva A su vez, le corresponde al asegurado el peso de la prueba para establecer su reclamación, mientras que la aseguradora deberá evidenciar que aplica alguna exclusión. Íd.

En el presente caso, el Tribunal de Primera Instancia actuó correctamente al desestimar las demandas contra terceros de la apelante. A medida que el daño ocasionado por el señor Macdara G. Flaherty fue intencional y, consecuentemente, no es cubierto por la póliza de seguros de Multinational, dicha póliza igualmente excluye, de manera expresa y clara, las acciones difamatorias realizadas por la señora Greene. Asimismo, la póliza no dispone de protección contra la demanda de daños y perjuicios instada contra la apelante, toda vez que las alegaciones están relacionadas a los actos de daños intencionales no protegidos del señor Macdara G. Flaherty. Por tanto, la póliza de seguros en controversia prohíbe la cubierta y representación legal de Multinational a favor de la apelante en los pleitos de epígrafe.

Por los fundamentos expresados, confirmamos las *Sentencias Parciales* recurridas.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones