ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| DR. PORFIRIO RODRÍGUEZ GONZÁLEZ Y OTROS<br><br>Parte Recurrida<br><br>v.<br><br>UNIVERSAL INSURANCE COMPANY<br><br>Parte Peticionaria | KLCE202400538 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2022CV04425<br><br>Sobre: Incumplimiento de Contrato |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 24 de julio de 2024.

Comparece Universal Insurance Company (Universal) mediante el presente recurso de *certiorari* y solicita que revoquemos la *Resolución* emitida el 8 de febrero de 2024, y notificada el 9 de febrero de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón. Mediante el referido dictamen el foro primario denegó la solicitud de sentencia sumaria promovida por Universal, al concluir que existen controversias sobre hechos medulares del caso que deben dilucidarse en un juicio en su fondo, y no mediante el mecanismo de sentencia sumaria.

La parte recurrida (Dr. Porfirio Rodríguez González, la señora Zoraida Colón, la Sociedad Legal de Gananciales compuesta por ambos y el Hogar Juan de Dios) presentaron su escrito en *Oposición a Expedición a Auto de Certiorari.*

Examinado el recurso, así como el escrito en oposición, y a tenor con la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, y los criterios (A), (C) y (E) de la Regla 40 de nuestro

Reglamento, 4 LPRA Ap. XXII-B, R. 40, expedimos el auto de *certiorari* y revocamos la resolución recurrida.

**I.**

El 30 de agosto de 2022, el Dr. Porfirio Rodríguez González, la señora Zoraida Colón, la Sociedad Legal de Gananciales compuesta por ambos y el Hogar Juan de Dios (en conjunto, Dr. Rodríguez González), incoaron una demanda sobre incumplimiento de contrato y daños y perjuicios contra Universal (civil núm.BY2022CV04425). El Dr. Rodríguez González alegó que es el administrador del centro de envejecientes Hogar Juan de Dios y que, allá para el 17 de febrero de 2014, la Sra. Carmen D. Mateo Molina sufrió una caída mientras se encontraba recluida en la referida institución. Según adujo, para la fecha de los hechos, el Hogar Juan De Dios estaba cubierto por la póliza de responsabilidad general comercial número 560-000307882 expedida por Universal, razón por la cual solicitó cubierta y defensa a la aseguradora al amparo de la póliza. Expuso que Universal denegó la petición "a raíz de las alegaciones" de la demanda civil en daños y perjuicios instada en otro pleito por los miembros de la sucesión de la Sra. Carmen D. Mateo Molina contra el Dr. Rodríguez González con motivo del mismo accidente sufrido por ésta en el hogar, lo que dio lugar a que instara la presente reclamación.

El 7 de noviembre de 2022, Universal presentó una *Solicitud de Sentencia Sumaria*. En síntesis, argumentó que en el presente caso opera la doctrina de *res judicata* en sus modalidades de impedimento colateral por sentencia y fraccionamiento de causas de acción. Ello, en vista de la sentencia parcial por desistimiento voluntario con perjuicio emitida a favor de Universal en el caso sobre daños y perjuicios instado por la *Sucesión Carmen D. Mateo Molina y otros v. Dr. Porfirio Rodríguez González h/n/c Hogar Juan de Dios*

*y otros,* a raíz de la caída sufrida por la Sra. Carmen D. Mateo Molina en el mencionado lugar (civil núm. BY2019CV00538).

En la alternativa, Universal sostuvo que la póliza suscrita a favor del Dr. Porfirio Rodríguez González h/n/c Hogar Juan De Dios tiene una cláusula de exclusión, que negaba cubierta sobre cualquier reclamación ocasionada por falta de cuidado o negligencia en la prestación de servicios en la institución asegurada, como era el caso de la demanda del caso civil núm. BY2019CV00538.

En específico, Universal adujo que en el citado caso civil núm. BY2019CV00538, se alegó que la Sra. Carmen D. Mateo Molina, para la fecha de su caída, residía en el Hogar Juan De Dios, bajo el cuidado personal de dicha institución y que la causa de la caída fueron los actos y omisiones negligentes del Dr. Rodríguez González y el personal del Hogar Juan De Dios, quienes no proveyeron la atención y cuidados necesarios que requería la edad y condición de la paciente. Universal explicó que, en dicho caso civil núm. BY2019CV00538, el 11 de noviembre de 2020, notificada al día siguiente, el TPI había dictado sentencia parcial por desistimiento voluntario con perjuicio en cuanto a Universal como aseguradora del Dr. Rodríguez González y el Hogar Juan De Dios, y que la referida sentencia parcial había advenido final y firme.

Entonces, a base de las alegaciones del caso civil núm. BY2019CV00538, Universal sostuvo que la póliza de responsabilidad general comercial número 560-000307882, expedida a favor del Dr. Rodríguez González y el Hogar Juan De Dios, no ofrecía cubierta para los daños reclamados, por éstos estar expresamente excluidos en la póliza, al presuntamente haber sido causados en el ofrecimiento de los servicios profesionales que presta la institución asegurada. En virtud de ello, Universal planteó que conforme a las exclusiones específicas de la póliza y lo resuelto en *Viruet et al. v. SLG Casiano Reyes,* 194 DPR 271 (2015), en el

presente caso debía dictarse sentencia sumaria desestimatoria a su favor.

El 8 de diciembre de 2022, el Dr. Rodríguez González presentó su *Oposición a Moción de Sentencia Sumaria,* mediante la cual sostuvo que existía controversia sobre si la póliza de responsabilidad general comercial número 560-000307882 ofrece cubierta para los hechos alegados en la demanda del caso civil núm. BY2019CV00538, asunto que solamente se podía dilucidar después de concluido el descubrimiento de prueba en el caso ante nuestra consideración.

Evaluados los escritos, el 8 de febrero de 2024, el TPI emitió la *Resolución* recurrida. En específico, el tribunal enumeró las siguientes catorce (14) determinaciones de hechos incontrovertidos:

1. Universal Insurance Co., suscribió la póliza comercial y de responsabilidad pública número 560-000307882 a favor de Porfirio Rodríguez González (DR) DBA Hogar de Envejecientes, con vigencia del 10/12/2013 al 10/12/2014, clasificación Health Care Facilities – Home for the Aged.

2. El acuerdo de seguro de la póliza de responsabilidad pública número 560-000307882, dispone lo siguiente:

SECTION I- COVERAGES:
Coverage A-Bodily Injury And Property Damage Liability

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this Insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

1. The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

2. Our right and duty to defend ends when we have used up the applicable limit of

insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverage A and B.

3. La póliza de responsabilidad pública número 560-000307882 a nombre del Hogar Juan de Dios, incluye como endoso de exclusión la forma CG2244 Exclusion – Services Furnished By Health Care Providers, la cual lee como sigue:

This endorsement changes the policy. Please read it carefully.

EXCLUSION – SERVICES FURNISHED BY HEALTH CARE PROVIDERS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

a. SCHEDULE

...

The following exclusion is added to Paragraph 2., Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I – Coverages) and paragraph 2., Exclusions of COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY (Section I – Coverages):

With respect to any operation shown in the Schedule, this insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of:

1.The rendering or failure to render:

i. Medical, surgical, dental, x-ray or nursing service, treatment, advice or instruction, or the related furnishing of food or beverages;

ii. Any health or therapeutic service, treatment, advice or instruction; or iii. Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming.

4. Además, la póliza de responsabilidad pública número 560-000307882 a nombre del Hogar Juan de Dios tiene el endoso CG-21 16 "Exclusion - Designated Professional Services", el cual excluye de cubierta cualquier reclamación ocasionada por los servicios que

presta el asegurado en la institución asegurada, la cual, en lo pertinente, lee como sigue:

CG-21 16 Designated Professional Services
EXCLUSION – DESIGNATED PROFESSIONAL SERVICES

This endorsement modifies insurance provided under the following: COMMERCIAL GENERAL LIABILITY COVERAGE PART. SCHEDULE

Description of Professional Services:

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

With respect to any professional services shown in the Schedule, the fallowing exclusion is added to Paragraph 2. Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability and Paragraph 2., Exclusions of Section I – Coverage B – Personal and Advertising Injuring Liability: This insurance does not apply to "bodily injury," "property damage," "personal injury," or "advertising injury" **due to the rendering or failure to render any professional service**. (Énfasis nuestro.)

5. La parte demandante señala en su actual demanda que recibió una reclamación, donde se alegó que la Sra. Carmen D. Mateo Molina, sufrió una caída, en el Hogar Juan de Dios, el 17 de febrero de 2014, la cual notificó a Universal.

6. Sobre dicha reclamación, el 5 de febrero de 2019, se presentó la demanda civil, en daños y perjuicios, Sucesión Carmen D. Mateo Molina y otros v. Dr. Porfirio Rodríguez González h/n/c Hogar Juan de Dios y otros, caso civil núm. BY2019CV00538, de la cual el Dr. Porfirio Rodríguez, como director y dueño del Hogar Juan de Dios, Zoraida Colon, la Sociedad Legal de Gananciales compuesta por ambos y Universal Insurance Co., como su aseguradora, fueron incluidos como parte demandada.

7. Dicha demanda fue enmendada en dos ocasiones consecutivas, para sustituir el nombre del codemandado, Hogar Juan de Dios.

8. En la referida demanda del caso civil núm. BY2019CV00538, se alegó que la señora Mateo Molina, para la fecha de su caída, residía en el Hogar Juan de Dios, bajo el cuidado del personal de dicha institución y que la causa de la caída de la señora Mateo Molina fueron los actos y omisiones negligentes del doctor Rodríguez González, y el personal del Hogar Juan de Dios, quienes no proveyeron la atención y cuidado necesario que requería la edad y condición de ésta.

9. La parte aquí demandante, en el caso civil núm. BY2019CV00538 contestó la Segunda demanda

enmendada, el 2 de junio de 2022, aceptando que la señora Mateo Molina era residente del Hogar Juan de Dios, al momento de la alegada caída y negando la negligencia.

10. Universal, en el caso civil núm. BY2019CV00538, presentó una solicitud de sentencia sumaria, donde planteó que, conforme las exclusiones específicas de la póliza a nombre del Dr. Porfirio Rodríguez González y del hogar, así como lo resuelto por el Tribunal Supremo de Puerto Rico en *Viruet Candelaria v. City of Angels, Inc.*, 194 DPR 271 (2015), debía dictarse sentencia sumaria parcial, a su favor.

11. El Dr. Porfirio Rodríguez González, la Sra. Zoraida Colón y la Sociedad Legal de Bienes Gananciales compuesta por ambos, así como el Hogar Juan de Dios, siendo parte del caso civil núm. BY2019CV00538, no presentaron oposición alguna a la solicitud de sentencia sumaria, presentada por Universal.

12. El 6 de noviembre de 2020, la parte demandante en el caso civil núm. BY2019CV00538, presentó una moción de desistimiento voluntario, con perjuicio, contra Universal Insurance Company.

13. El 11 de noviembre de 2020, notificada el 12 de noviembre de 2020, en el caso civil núm. BY2019CV00538, se dictó Sentencia Parcial, archivando la demanda, con perjuicio, en cuanto a Universal Insurance Company, como aseguradora del Dr. Porfirio Rodríguez González y/o el Hogar Juan de Dios.

14. La Sentencia Parcial del 11 de noviembre de 2020, en el caso civil núm. BY2019CV00538, no fue apelada y hoy es final y firme. (Énfasis en el original).

Asimismo, el TPI delimitó varias controversias de hechos materiales que ameritaban ser dirimidas en un juicio en su fondo, a decir:

1. Si la póliza a nombre del demandante contiene más de una exclusión aplicable a los hechos de este caso, que impide que Universal ofrezca cubierta y defensa en el caso original (BY2019CV00538).

2. Si la causa de la caída de la señora Carmen D. Mateo Molina fueron los actos y omisiones supuestamente negligentes del doctor Rodríguez González, y el personal del Hogar Juan de Dios, quienes según se alega, no proveyeron la atención y cuidado necesario que requería la edad y condición de ésta.

Así pues, en la *Resolución,* el TPI concluyó que la alegación de *res judicata* debía establecerse mediante preponderancia de evidencia y no mediante la mera presentación de una sentencia.

Coligió que la sentencia de desistimiento en el caso civil núm. BY2019CV00538, aludida por Universal, no adjudicó controversia alguna respecto a la póliza en controversia, sino que solamente acogió el desistimiento voluntario. Por tanto, el TPI resolvió que la defensa de cosa juzgada en su modalidad de impedimento colateral por sentencia resultaba inaplicable al caso de autos. De igual modo, el TPI resolvió que no se cumplían los requisitos de la modalidad de cosa juzgada por fraccionamiento, puesto que entre el caso civil núm. BY2019CV00538 y el presente caso no existe identidad en las causas y las personas de los litigantes, ni en la calidad en que lo fueron. Por último, el TPI concluyó que existían controversias sobre los hechos medulares del caso, lo que hacía inapropiado utilizar el mecanismo procesal de sentencia sumaria para disponer del pleito. De tal forma, denegó la solicitud de sentencia sumaria promovida por Universal.

En desacuerdo con dicha determinación, el 26 de febrero de 2024, Universal presentó una *Moción de Reconsideración a Resolución sobre Sentencia Sumaria.* En cumplimiento con una orden del TPI, el Dr. Rodríguez González presentó su escrito en oposición a la reconsideración solicitada por Universal.

El 17 de abril de 2024, el TPI notificó la *Resolución* emitida el 15 de abril de 2024, mediante la cual declaró "sin lugar" la moción de reconsideración promovida por Universal.

Inconforme, el 17 de mayo de 2024, Universal acudió ante este Tribunal y apuntó el siguiente señalamiento de error:

> Erró el Tribunal de Instancia al dejar de resolver la solicitud de sentencia sumaria conforme a derecho, a pesar de que no existe una controversia de hechos materiales que lo impida.

Por su parte, en su escrito en *Oposición a Expedición de Auto de Certiorari,* el Dr. Rodríguez González, expuso las razones por las

cuales entiende que el recurso no cumple con los criterios para su expedición.

**II.**

**A.**

El mecanismo de sentencia sumaria, regulado por la Regla 36 de Procedimiento Civil[1] permite al tribunal disponer de un caso sin celebrar vista en su fondo.[2]

La Regla 36.1 de Procedimiento Civil[3], establece que una moción de sentencia sumaria debe estar fundada en declaraciones juradas, o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes.[4] Por tanto, el Tribunal podrá dictar sentencia sumaria si de las alegaciones, deposiciones, contestaciones, interrogatorios y admisiones ofrecidas, junto a las declaraciones juradas, si las hubiere, surge que no exista ninguna controversia real sobre los hechos materiales y esenciales del caso y solo resta por resolver una controversia de estricto derecho.[5]

En otro extremo, la sentencia sumaria resulta improcedente cuando: (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial, o (4) como cuestión de derecho, no proceda.[6]

---

[1] 32 LPRA Ap. V, R. 36.

[2] *SLG Fernández-Bernal v. RAD-MAN et al.,* 208 DPR 310, 334 (2021); *León Torres v. Rivera Lebrón,* 204 DPR 20, 41 (2020); *Abrams Rivera v. E.L.A.,* 178 DPR 914, 932 (2010); *Nieves Díaz v. González Massas*, 178 DPR 820, 847 (2010); *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).

[3] 32 LPRA Ap. V, R. 36.1.

[4] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, pág. 335; *Rodríguez García v. UCA,* 200 DPR 929, 940 (2018).

[5] 32 LPRA Ap. V, R. 36.3(e); *León Torres v. Rivera Lebrón,* supra; *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013); *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012); *Ramos Pérez v. Univisión*, supra, pág. 214; *González Aristud v. Hosp. Pavía*, 168 DPR 127, 137-138 (2006).

[6] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, págs. 335-336; *Mejías et al. v. Carrasquillo et al.*, supra, pág. 299; *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 DPR 714 (1986).

La parte promovida tiene el deber de refutar los hechos alegados, con prueba que controvierta la exposición de la parte que solicita la sentencia sumaria.[7] En este sentido, la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación. Dicha parte está obligada a controvertir la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente en su solicitud, ya que, de no hacerlo, corre el riesgo de que se dicte sentencia sumaria en su contra, de proceder en derecho.[8]

Sin embargo, el hecho de que la otra parte no presente prueba que controvierta la evidencia presentada por la parte promovente de la moción de sentencia sumaria, no implica necesariamente que dicha moción procederá automáticamente si realmente existe una controversia sustancial sobre hechos esenciales y materiales.[9]

Asimismo, toda inferencia que se haga de los hechos incontrovertidos debe hacerse de la manera más favorable a la parte que se opone a la misma.[10] A tono con este principio, el Tribunal Supremo ha indicado que, "[a]l considerar la moción de sentencia sumaria se tendrán como ciertos los hechos no controvertidos que consten en los documentos y las declaraciones juradas ofrecidas por la parte promovente."[11]

En el caso de un foro apelativo, este debe utilizar los mismos criterios que el tribunal sentenciador al determinar si procede dictar sentencia sumaria, sin embargo: (1) sólo puede considerar los documentos que se presentaron ante el foro de primera instancia; y

---

[7] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, pág. 336; *León Torres v. Rivera Lebrón,* supra, pág. 44; *Ramos Pérez v. Univisión*, supra, pág. 215.

[8] *León Torres v. Rivera Lebrón,* supra, pág. 43.

[9] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, pág. 337.

[10] *Mejías et al. v. Carrasquillo et al.*, supra, pág. 300; *Corp. Presiding Bishop CJC of LDS v. Purcell,* supra, pág. 721.

[11] *Piñero v. A.A.A.*, 146 DPR 890, 904 (1998).

(2) sólo puede determinar si existe o no alguna controversia genuina de hechos materiales y si el derecho se aplicó de forma correcta.[12]

Así pues, por estar en la misma posición que el foro primario al momento de revisar las solicitudes de sentencia sumaria, el Tribunal Supremo de Puerto Rico estableció un estándar específico, que, como foro apelativo, debemos utilizar. A tales efectos, en *Meléndez González, et al. v. M. Cuebas[13]*, indicó que, de entrada, debemos revisar que tanto la moción de sentencia sumaria, así como su oposición, cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil.[14] Subsecuentemente, si existen hechos materiales controvertidos, "el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos".[15] Por el contrario, si encontramos que los hechos materiales del caso son incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente la norma jurídica aplicable a la controversia que tuvo ante sí.[16]

El mecanismo de sentencia sumaria es un remedio discrecional que procederá solo cuando el tribunal quede claramente convencido de que tiene ante sí documentos no controvertidos, que no existen controversias sobre hechos materiales y esenciales, y que, por lo tanto, lo que resta es aplicar el derecho, ya que una vista en los méritos resultaría innecesaria.[17]

---

[12] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, págs. 337-338; *Const. José Carro v. Mun. Dorado,* 186 DPR 113, 129 (2012).

[13] 193 DPR 100 (2015).

[14] *Íd.,* pág. 118.

[15] *Íd.,* pág. 119.

[16] *Íd.*

[17] *Vera v. Dr. Bravo,* 161 DPR 308, 334 (2004). Véase, además, *González Santiago v. Baxter Healthcare,* 202 DPR 281, 290 (2019); *Pérez Vargas v. Office Depot,* 203 DPR 687, 699 (2019).

Hay que señalar que una sentencia sumaria, por constituir una decisión en los méritos es el precedente de cosa juzgada[18] cuando se opone entre partes debidamente relacionadas.[19] Por ello, se ha advertido que, antes de resolver una controversia por la vía sumaria, el juzgador habrá de discernir cuidadosamente al respecto, pues "mal utilizada, puede prestarse para despojar a un litigante de su 'día en corte', principio elemental del debido proceso de ley"[20].

**B.**

La industria de seguros es considerada como una de alto interés público, debido a la importancia que implican los seguros en nuestra estabilidad social.[21]

El Artículo 1.020 del Código de Seguros de Puerto Rico establece que, mediante el contrato de seguros, "una parte se obliga a indemnizar a otra, a pagarle o a proveerle un beneficio específico o determinable al producirse un suceso incierto previsto en el mismo".[22] Por ende, su propósito principal es "indemnizar y proteger al asegurado mediante el traslado del riesgo a la aseguradora si ocurre un evento específicamente pactado en el contrato".[23] Dicho de otro modo, "a cambio del pago de una prima, se transfiere el riesgo de un evento específico a la aseguradora, quien está obligada a cubrir los daños económicos por los que el asegurado deba responder".[24] De igual forma, el Tribunal Supremo ha sostenido que la aseguradora "no responde por toda gestión imaginable del

---

[18] El efecto de la aplicación de la doctrina de cosa juzgada es que la sentencia emitida en un pleito anterior impide que se litiguen posteriormente, entre las mismas partes y sobre las mismas causas de acción y cosas, las controversias ya litigadas y adjudicadas, y aquellas que se pudieron haber litigado. *Mun. De San Juan v. Bosque Real, S.E.,* 58 DPR 743, 769 (2003).

[19] *Vera v. Dr. Bravo*, supra, pág. 335.

[20] *González v. Alicea, Dir. Soc. Asist. Legal,* 132 DPR 638, 646-647 (1993).

[21] *Rivera Matos el al. v. Triple-S et al.*, 204 DPR 1010, 1019 (2020); *R.J. Reynolds v. Vega Otero*, 197 DPR 699, 706 (2017).

[22] 26 LPRA sec. 102; *ECP Incorporated v. OCS*, 205 DPR 268, 280 (2020); *Rivera Matos el al. v. Triple-S et al.,* supra, pág. 1020.

[23] *Rivera Matos et al. v. ELA,* supra, citando a *R.J. Reynolds v. Vega Otero*, 197 DPR 699, 707 (2017).

[24] *OSC v. CODEPOLA*, 202 DPR 842, 859 (2019); *Savary et al. v. Mun. Fajardo et al.,* 198 DPR 1014, 1023 (2017).

asegurado", circunscrita la cubierta a lo acordado por las partes en la póliza.[25]

Conforme dispone el propio Código de Seguros, se denomina póliza el documento donde se consignan los términos que rigen el contrato de seguro. Art. 11.140 del Código de Seguros.[26] En primera instancia las cláusulas de una póliza se interpretarán de manera global, examinando el conjunto total de las disposiciones, términos y condiciones vigentes a la fecha que se juzgue relevante.[27]

Además, se ha establecido que "[t]odo contrato de seguro deberá interpretarse globalmente, a base del conjunto total de sus términos y condiciones, según se expresen en la póliza y según se hayan ampliado, extendido, o modificado por aditamento, endoso o solicitud adherida a la póliza y que forme parte de ésta". Artículo 11.250 del Código de Seguros de Puerto Rico.[28] Asimismo, los términos utilizados en la póliza o el contrato de seguro se entenderán en su significado común y corriente, conforme al uso popular o general de las palabras.[29]

El contrato de seguros se considera un contrato de adhesión. Por ello, toda cláusula ambigua debe ser interpretada de forma liberal y a favor del asegurado.[30] Sin embargo, también es necesario examinar si existen cláusulas de exclusión en el contrato mediante las cuales la aseguradora limita la cubierta provista, exceptuando determinados eventos, riesgos o peligros.[31]

Como regla general, las cláusulas de exclusión son desfavorecidas, por lo que deben interpretarse restrictivamente en

---

[25] *R.J. Reynolds v. Vega Otero,* supra, pág. 710.
[26] 26 LPRA sec. 1114(1).
[27] Art. 11.250 del Código de Seguros, 26 LPRA sec. 1125; *Rivera Matos, et al. v. Triple-S et al.,* supra, pág. 1020, citando a *R.J. Reynolds v. Vega Otero,* supra*;* págs. 707-708, y *Viruet et al. v. SLG Casiano-Reyes*, 194 DPR 271, 279 (2015).
[28] 26 LPRA sec. 1125; *Rivera Matos et al. v. Triple-S et al.,* supra*,* pág. 1020.
[29] *Rivera Matos et al. v. Triple-S et al.,* supra.
[30] *Rivera Matos et al. v. Triple-S et al.,* supra*,* pág. 1021.
[31] *Rivera Matos et al. v. Triple-S et al.,* supra; *Viruet et al. v. SLG Casiano-Reyes*, 194 DPR 271, 279 (2015).

contra del asegurador.[32] No obstante, al igual que la interpretación del resto de la póliza, "si los términos de las cláusulas de exclusión son claros y aplican a una situación determinada, no podrá responsabilizarse a la aseguradora por aquellos riesgos expresamente exceptuados".[33]

En vista de lo anterior, el Tribunal Supremo ha advertido que corresponde a la aseguradora el peso probatorio para evidenciar la aplicación de alguna exclusión.[34]

## C.

En *Viruet et al. v. SLG Casiano-Reyes*, 194 DPR 271 (2015), el Tribunal Supremo analizó si procedía la desestimación de la demanda de daños en cuanto a una aseguradora demandada que había expedido una póliza de responsabilidad comercial general, que contenía una cláusula de exclusión de servicios profesionales. En ese caso, una paciente que no podía moverse por sí sola y que se encontraba bajo el cuidado de un centro de cuido de personas de edad avanzada, ingirió unos pedazos de plástico y sufrió una obstrucción intestinal que requirió hospitalización. A raíz de esos eventos sus familiares presentaron una demanda sobre daños y perjuicios en contra del centro de cuido. Adujeron que la empresa fue negligente al no brindar los servicios de cuidado adecuados y no estar pendiente del bienestar de la paciente.

La aseguradora demandada solicitó la desestimación de la causa de acción en su contra alegando que la conducta que dio base a la demanda estaba comprendida entre las exclusiones de la póliza, por haber surgido como resultado de la prestación de servicios profesionales o de salud. Los familiares de la paciente se opusieron razonando que su reclamación no se fundamentaba en la

---

[32] *Viruet et al. v. SLG Casiano-Reyes,* supra.

[33] *Rivera Matos et al. v. Triple-S et al.,* supra, págs. 1021-1022 citando a *Viruet et al. v. SLG Casiano-Reyes,* supra.

[34] *Rivera Matos et al. v. Triple-S et al.,* supra, pág. 1022.

negligencia en el tratamiento médico, sino en la negligencia de no velar por la seguridad de la paciente.

El asunto por resolver ante el Tribunal Supremo radicó en determinar si, a tenor con las exclusiones de la póliza expedida por la aseguradora a favor del centro de cuido, existía cubierta para los eventos consignados en la demanda.

Tras exponer la norma aplicable a los contratos de seguros, el Tribunal Supremo destacó la siguiente distinción:

> El seguro de responsabilidad civil o pública, como es el caso del seguro de Responsabilidad Comercial General, protege al asegurado ante un tercero que ha sufrido daños por su causa. *Integrand Assurance v. CODECO et al.,* 185 DPR 146 (2012). "[E]l asegurador se compromete, conforme a las condiciones estipuladas en el contrato, a indemnizar a un tercero por aquellos daños y perjuicios que le ha causado el asegurado". *Maderas Tratadas v. Sun Alliance et al.,* supra, pág. 900.

> Existe otra categoría de pólizas, denominadas de "Responsabilidad Profesional", que protegen al asegurado "contra la responsabilidad legal de éste por los daños o lesiones causadas a terceras personas como consecuencia del rendimiento negligente de sus servicios profesionales". *Díaz Ayala et al. v. E.L.A.,* 153 DPR 675, 690 (2001). Como regla general, las pólizas de responsabilidad pública comercial no cubren reclamaciones basadas en servicios profesionales. Véanse: B.R. Ostrager y T.R. Newman, *Handbook on Insurance Coverage Disputes,* 10ma ed., Nueva York, Aspen Law & Business, 2000, Sec. 7.02[b][6], pág. 319; S.T. Devenney y G. Bundschuh, *Is the Line Blurring between General and Professional Liability?,* 29 Constr. Law 15 (Spring, 2009). Los riesgos concernientes a estos servicios típicamente se atienden a través de seguros de responsabilidad profesional. *Tri-Etch, Inc. v. Cincinnati Ins. Co.,* 909 N.E.2d 997, 1002 (Ind. Sp. Ct. 2009). Véase, además, 4 *New Appleman on Insurance Law Library Edition,* Sec. 25.01[1], págs. 25-6 y 25-7 (Rel. 11/9/2014).

> En el campo de seguros, en ocasiones resulta difícil distinguir entre una reclamación civil basada en negligencia y una asentada en responsabilidad profesional, a fin de determinar si la causa de acción surge como resultado de una conducta u omisión asociada con la prestación de servicios profesionales.[35]

---

[35] *Viruet et al. v. SLG Casiano-Reyes,* supra, págs. 279-280.

Más adelante, el Tribunal Supremo se expresó sobre qué constituye un servicio profesional para propósitos de una cláusula de exclusión en una póliza de seguro. De tal forma, consignó:

En aquellos casos en que la póliza no incluye una definición del término "servicios profesionales" se utiliza su acepción legal. En el contexto de cláusulas de exclusión en materia de seguros, se ha resuelto que un servicio profesional conlleva una vocación, llamado, ocupación o empleo que supone, además, algún tipo de conocimiento, labor o destreza especializada. Asimismo, las habilidades que requiere un servicio profesional son predominantemente intelectuales o mentales, no físicas o manuales. *Am. Econ. Ins. Co. v. Jackson, 476 F.3d 620 (8vo Cir. 2007); Hurst-Rosche Engineers, Inc. v. Commercial Union Ins. Co., 51 F.3d 1336 (7mo Cir. 1995); David Lerner Assoc., Inc. v. Phila. Indem. Ins. Co., 934 F.Supp.2d 533 (E.D. N.Y. 2013); Neighborhood Housing Services v. Turner-Ridley, 742 F.Supp.2d 964 (N.D. Ind. 2010).*

El término "profesional" implica forzosamente el uso de discernimiento, según criterios inculcados mediante estudios o a base de algún conocimiento especializado. *Penn Star Ins. Co. v. Real Estate Consulting Specialists, Inc., 1 F.Supp.3d 1168 (D. Mont. 2014).* En otras palabras, un servicio profesional depende de si la persona actúa empleando el ingenio y adiestramiento especial propio de un profesional. *David Lerner Assoc., Inc. v. Phila. Indem. Ins. Co.,* supra. A base de lo anterior, quedan excluidas las actividades que envuelven simplemente tareas físicas, manuales o clericales. *Neighborhood Housing Services v. Turner-Ridley,* supra. De igual forma, resultan ineficientes las alegaciones de mera negligencia. *Penn Star Ins. Co. v. Real Estate Consulting Specialists, Inc.*, supra. Véase, además, *Hartford Cas. Ins. Co. v. New Hope Healthcare, Inc.*, 803 F.Supp.2d 339 (E.D. Pa. 2011).

Por último, es importante señalar que la exclusión de servicios profesionales no se limita a las profesiones tradicionales tales como abogados, médicos, arquitectos e ingenieros. *David Lerner Assoc., Inc. v. Phila. Indem. Ins. Co.,* supra.[36]

Al aplicar los principios esbozados a los hechos alegados en la demanda, el Tribunal Supremo sostuvo que "las alegaciones giran en torno a la supuesta deficiencia en el cuidado brindado a la [paciente] durante su estadía en [el centro de cuido demandado], lo cual le permitió acceso a [los pedazos de plástico]".[37]

---

[36] *Íd.,* págs. 280-281.
[37] *Íd.,* pág. 284.

Finalmente, resolvió el Tribunal Supremo que:

A base de lo discutido anteriormente, entendemos que la negligencia señalada en la Demanda está cimentada en la omisión de servicios especializados que el Centro venía obligado a proveer a la [paciente]. Esta obligación implica necesariamente, limitar todo riesgo potencial de daño a través de una supervisión profesional adecuada. Para velar por su bienestar y seguridad, función que, bajo las circunstancias particulares de este caso, cualifica como servicios profesionales.

Por consiguiente, y por los fundamentos antes expresados, concluimos que la demanda invoca una violación a deberes profesionales. La reclamación surge debido a que el Centro no prestó los servicios especializados requeridos por la condición de la [paciente]. Esta omisión queda, por lo tanto, fuera de la cubierta, brindada en la póliza expedida por [la aseguradora] en función de la exclusión de servicios profesionales. Para efectos de este caso, el riesgo del cual se protege a los asegurados a través de la póliza en cuestión comprende únicamente aquellos daños que ocurran como consecuencia de una conducta negligente del personal del Centro, pero que surjan de actos u omisiones *independientes a los servicios profesionales de cuido y supervisión que la empresa viene obligada a brindar a los residentes [del Centro].* (Cursivas en el original).[38]

A tenor con la norma jurídica esbozada, resolvemos.

### III.

El presente recurso versa sobre la denegatoria de una sentencia sumaria. Así pues, procedemos conforme al estándar de revisión según lo resuelto en *Meléndez González v. M. Cuebas,* supra. Así, en primer lugar, nos compete examinar si ambas partes cumplieron con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil.

En su *Solicitud de Sentencia Sumaria,* Universal solicitó la desestimación de la demanda incoada por el Dr. Rodríguez González al amparo de lo resuelto en *Viruet et al. v. SLG Casiano-Reyes,* supra. Para sustentar su solicitud, enumeró doce (12) hechos como incontrovertidos. Además, para respaldar sus alegaciones acompañó copia de la póliza en controversia y los siguientes

---

[38] *Íd.,* pág. 286.

documentos concernientes al caso civil núm. BY2019CV00538: (1) demanda, (2) demanda enmendada, (3) contestación a la demanda enmendada, (4) solicitud de sentencia sumaria parcial instada por Universal, (5) moción solicitando desistimiento voluntario con perjuicio contra Universal, y (6) sentencia parcial por desistimiento voluntario dictada el 11 de noviembre de 2020, en el caso civil núm. BY2019CV00538.

Al evaluar la solicitud de sentencia sumaria de Universal, concluimos que ésta cumplió con los requisitos de forma establecidos en la Regla 36 de Procedimiento Civil, *supra.* Así pues, correspondía al Sr. Rodríguez González refutar los hechos alegados, con prueba que controvirtiera la exposición de Universal.

En su *Oposición a Sentencia Sumaria,* el Dr. Rodríguez González adujo que existía controversia en cuanto a la interpretación de la cláusula de exclusión de la póliza expedida a su favor por Universal; en específico, si la póliza excluía los hechos alegados en la demanda. Aseveró que la aseguradora no podía negar cubierta y defensa bajo la póliza basándose únicamente en las alegaciones de la demanda del caso BY2019CV00538. Menos aún sin presentar evidencia y sin que se realizara un descubrimiento de prueba respecto a la forma y manera en que ocurrieron los hechos, previo a alegar que aplicaba la exclusión invocada por servicios profesionales. Sin embargo, el Dr. Rodríguez González no refutó los hechos alegados con prueba que controvirtiera la exposición de Universal. Éste se limitó a realizar planteamientos generales relacionados con los hechos materiales que Universal consignó que no estaban en controversia. Es decir, el Dr. Rodríguez González no logró controvertir los hechos propuestos por Universal.

No obstante, solamente podría dictarse sentencia sumaria si no existiera ninguna controversia real sobre los hechos materiales y esenciales del caso y, además, si el derecho aplicable lo justifica.

Universal no cuestionó las determinaciones de hechos incontrovertidos consignadas en la decisión recurrida. Más bien, sus señalamientos de error van dirigidos a cuestionar la aplicación del derecho por parte del foro primario. Por consiguiente, ante los hechos incontrovertidos expuestos en el dictamen recurrido, debemos revisar *de novo* si el foro de primera instancia aplicó correctamente la norma jurídica pertinente a la controversia que tuvo ante su consideración.

De los hechos incontrovertidos expuestos en la *Resolución* recurrida surge el texto de la cláusula de exclusión de servicios profesionales incluida como endoso a la póliza de responsabilidad comercial número 560-000307882. Conforme sus propios términos, dicha cláusula excluye de cubierta cualquier reclamación suscitada por los servicios profesionales que presta el asegurado en la institución asegurada.

De los hechos incontrovertidos surge además que la demanda presentada por el Dr. Rodríguez González emana de la negativa de Universal en proveer defensa y cubierta en la demanda sobre daños y perjuicios presentada por el incidente de la caída de la Sra. Carmen D. Mateo Molina mientras ésta residía en el Hogar Juan de Dios (civil núm. BY2019CV00538). La negligencia señalada en dicha demanda está basada en los actos y omisiones negligentes del Dr. Rodríguez González y el personal del Hogar Juan de Dios, por presuntamente no proveer la atención y cuidados necesarios que requería la edad y condición de la paciente. Dicho de otro modo, en esa demanda se alegó que se incumplió con el deber de velar por el bienestar y la seguridad de la paciente, función que, bajo las circunstancias particulares de este caso, y a la luz de caso *Viruet*, cualifica como servicios profesionales. Por tanto, según resuelto en el citado caso, y en función de la exclusión de servicios profesionales de la póliza del caso ante nuestra consideración, la omisión o

negligencia en la prestación de los servicios de supervisión y atención necesaria a los pacientes recluidos en el Hogar Juan De Dios, queda fuera de la cubierta expedida por Universal a favor del Dr. Rodríguez González.

En fin, la prueba documental demuestra la ausencia de controversia sobre los hechos materiales del caso y, además, el caso reúne las circunstancias del caso *Viruet.* Los hechos en controversia enumerados por el TPI realmente establecen preguntas de derecho cuya dilucidación no requerían la celebración de un juicio.

Por consiguiente, erró el foro primario al denegar la solicitud de sentencia sumaria presentada por Universal. En su lugar, procedía acoger la moción de sentencia sumaria de Universal y desestimar la demanda, con perjuicio. Por tanto, resolvemos que se cometió el error señalado.

**IV.**

A la luz de lo expuesto, expedimos el auto de *certiorari* y revocamos la resolución recurrida. Se declara *ha lugar* la solicitud de sentencia sumaria promovida por Universal y se desestima la demanda con perjuicio, a la luz de lo resuelto en *Viruet et al. v. SLG Casiano-Reyes,* 194 DPR 271 (2015).

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones